*THE STATE OF KANSAS, *Appellee*, v. GEORGE E. TANKERSLEY, *Appellant*.

No. 11,399.

1. CRIMINAL LAW—*Manslaughter—Intent.* A claim that assault with intent to commit manslaughter is a legal impossibility, because manslaughter is involuntary killing, not sustained.

2. ——— *Conviction of Lesser Offense Included in the One Charged.* There may be a conviction of assault with intent to commit manslaughter, under section 41 of the crimes act, where the charge is assault with intent to kill, made under section 38 of that act.

*NOTE.—This case was not reported in full when the opinion was filed (see 60 Kan. 859), and is reported here because it is cited in the case of *The State v. Murray*, ante, p. 148.

Error from Sedgwick district court. Opinion filed June 8, 1899. Affirmed.

*W. P. Campbell,* for the appellant.

*A. A. Godard,* attorney-general, *S. B. Amidon,* county attorney, and *J. F. Conly,* for the appellee.

*Per Curiam:* This is an appeal from a judgment of conviction of an assault with intent to commit manslaughter in the second degree. The information charged an assault with intent to murder.

One of the claims of error is that a conviction of assault with intent to commit manslaughter is a legal impossibility, because manslaughter is involuntary killing, not killing by design. To this it is sufficient to say that assaults with intent to commit manslaughter are among the offenses defined by the law (Gen. Stat. 1897, ch. 100, § 40, Crimes act, § 41, Gen. Stat. 1909, § 2529; and under section 17 (Gen. Stat. 1909, § 2505) of this chapter, which defines one of the instances of manslaughter in the second degree, it is entirely possible to commit the offense with a specific intent to kill.

The claim is also made that inasmuch as the prosecution was under section 39 (Crimes act, § 38, Gen. Stat. 1909, § 2526) of the act defining and providing for the punishment of crimes a conviction could not be had under section 40. This claim is in the face of a long line of our own decisions to the contrary, among which is the recent case of *The State v. O'Shea,* 59 Kan. 593.

Some other claims of error are made, but they are altogether lacking in merit. The judgment is affirmed.